UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GLEN SHARKANY** | : | **CIVIL CASE NO.** |
| | : | **3:20-CV-225 VLB** |
| v. | : | |
| | : | **JUNE 1, 2020** |
| **DR. PATEL** | : | |

### ORDER DENYING MOTION TO RESCIND PERMISSSION TO WITHDRAW FUNDS

On February 18, 2020, *pro se* plaintiff Glen Sharkany filed this action, along with a motion to proceed *in forma pauperis*. [Dkts. 1, 2]. As part of his motion to proceed *in forma pauperis*, he signed an authorization in which he stated in relevant part:

> "I, Glen A. Sharkany, the applicant, understand that… Congress has said that I must pay the full filing fee of $350, which will be deducted in installments form my inmate trust fund. I further understand that the deductions from my inmate trust fund will continue until the full fee is paid, even if my case is dismissed before then. I authorize the Department of Corrections Inmate Trust Fund to…(3) obtain funds to cover the $250 filing fee by deducting installment payments from my inmate trust fund based on the average of deposits to or balance in my inmate trust fund in accordance with 28 U.S.C. Section 1915…."

[Dkt. 2 at 4]. His motion to proceed *in forma pauperis* was granted. [Dkt. 7]. On March 17, 2020, the Court dismissed Sharkany's complaint without prejudice to refiling. [Dkt. 16]. Sharkany has now filed the instant motion "rescinding permission to withdraw funds from inmate account." [Dkt. 18].[1]

---

[1] Sharkany also writes that, as he has previously been a defendant before the Court, *see United States v. Sharkany,* No. 3:13-cr-94 (VLB) (D. Conn), the Court should have recused itself from this case. Putting aside the fact that Sharkany did not file a motion to recuse, *see United States v. Brinkworth,* 68 F.3d 633, 639 (2d Cir.1995), the fact that Sharkany has had other cases before the Court is not a

As a prisoner who pursued a civil rights claim *in forma pauperis*, Sharkany is required to pay court fees. In 1995, Congress passed the Prison Litigation Reform Act ("PLRA") in an effort "reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996). The PLRA introduced the current version of 28 U.S.C. § 1915(b)(1) which provides, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." The PLRA makes no provision for return of fees partially paid for cancellation of the remaining indebtedness in the event a case is dismissed. Therefore, the Court denies Sharkany's instant motion "rescinding permission to withdraw funds from inmate account." *See Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001) (denying motion for cancellation of obligation to pay balance of appeal fees).

IT IS SO ORDERED.

_____/s/_____

Hon. Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: June 1, 2020

---

basis for recusal. *See Hughes v. City of Albany*, 189 F.3d 461 (2d Cir. 1999) ("It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and *to sit in successive trials involving the same defendant."*) (quoting *Liteky v. United States,* 510 U.S. 540, 551 (1994)).